UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANATOLIY DOROSCHCHUK,<br><br>        Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | No. CV-13-5054-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

    BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 15, 17.) Attorney D. James Tree represents plaintiff; Special Assistant United States Attorney Leisa A. Wolf represents defendant. After reviewing the administrative record and briefs filed by the parties, the court GRANTS plaintiff's Motion for Summary Judgment and DENIES defendant's Motion for Summary Judgment.

## JURISDICTION

    Plaintiff Anatoliy Doroschchuk (plaintiff) protectively filed for supplemental security income (SSI) and disability income benefits (DIB) on July 10, 2007. (Tr. 53, 126, 133, 168.) Plaintiff initially alleged an onset date of December 30, 2004, but later amended the alleged onset date to June 1, 2006. (Tr. 12, 126, 133, 602, 656-57.) Benefits were denied initially and on reconsideration. (Tr. 66, 74, 79.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Jean R. Kerins on April 27, 2010. (Tr. 11-45.) After an unfavorable decision (Tr. 53-61), plaintiff appealed to district court and the case was remanded. (Tr. 690-93, 699-700.) A second hearing was held on November 15, 2012 before ALJ James W. Sherry. (Tr. 652-89.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 660-680.) Medical expert Donna Veraldi, Ph.D., and vocational expert Jinnie Lawson also testified. (Tr. 658-60, 681-87.) The ALJ again denied benefits (Tr. 602-13) and the Appeals Council denied review. (Tr. 1.) The matter is now before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 50 years old at the time of the second hearing. (Tr. 660.) He graduated from high school and attended some college. (Tr. 662.) He has work experience as a bricklayer, an assistant at Goodwill, and handyman. (Tr. 664.) He testified he stopped working because his doctor told him he needed light work and his employer did not have that kind of work. (Tr. 668.) He has pain in his back, hips, legs, shoulders, and neck. (Tr. 669.) He testified he has used a cane for many years. (Tr. 670.) He needs to lie down four to five times per day for 30 minutes at a time. (Tr. 671.) Two or three days per week he spends a lot more time lying down or in bed. (Tr. 674.) He was diagnosed with fibromyalgia. (Tr. 671.) He also has carpal tunnel syndrome in both hands. (Tr. 671.) His hands get numb and tingly. (Tr. 672.) He gets headaches when he reads. (Tr. 673.) He cannot concentrate. (Tr. 673.) He has pain everywhere but the worst pain is in his shoulders, hips, legs, arms and neck. (Tr. 675.) He has low energy. (Tr. 676.) He has also been diagnosed with left shoulder impingement which causes pain in the shoulder. (Tr. 677-78.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On

review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. Richardson, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or

combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984). If the Commissioner does not meet that burden, the claimant is found to be disabled. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since June 1, 2006, the alleged onset date. (Tr. 604.) At step two, the ALJ found plaintiff has the following severe impairments: lumbar degenerative disc disease; fibromyalgia/chronic pain syndrome; obesity; left shoulder impingement syndrome; and carpal tunnel syndrome. (Tr. 605.) At step three, the ALJ found plaintiff does not have an impairment

or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 607.) The ALJ then determined:

> [C]laimant has the physical residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only stand or walk a total of 3 hours in an [] 8-hour workday. He can push and pull within the lifting restrictions, and do occasional overhead reaching with his non-dominate left arm. He can only occasionally climb stairs or ramps, balance, stoop, kneel, crouch, or crawl, and never climb ropes, ladders, or scaffolds. He should also avoid concentrated exposure to vibrations, unprotected heights, and moving machinery.

(Tr. 608). At step four, the ALJ found plaintiff is capable of performing past relevant work. (Tr.611.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act from June 1, 2006, through the date of the decision. (Tr. 613.)

### ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ erred by: (1) improperly rejecting the opinion of plaintiff's treating medical source; (2) finding plaintiff's symptom allegations not credible; and (3) finding plaintiff capable of past relevant work. (ECF No. 15 at 11-23.) Defendant argues the ALJ: (1) provided legally sufficient reasons for rejecting plaintiff's subjective complaints; (2) provided legally sufficient reasons for rejecting plaintiff's treating medical source; and (3) made appropriate findings at step four and step five. (ECF No. 17 at 6-13.)

### DISCUSSION

**1.    Credibility**

Plaintiff argues the ALJ did not articulate clear and convincing reasons for rejecting plaintiff's testimony regarding pain and other symptoms. (ECF No. 15 at 15-21.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d

341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

The ALJ found plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms are not entirely credible. (Tr. 609.) The ALJ cited four reasons as the basis for the credibility determination. (Tr. 609.)

One reason asserted by the ALJ in support of the credibility determination is plaintiff's activities are inconsistent with the claimed complete inability to work. Evidence about daily activities is properly considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, it is well-established that a claimant need not "vegetate in a dark room" or be "utterly incapacitated" in order to be deemed eligible for benefits. *Cooper v.*

*Bowen*, 815 F.2d 557, 561 (9th Cir. 1987); *Fair*, 885 F.2d at 603. Many activities are not easily transferable to what may be the more grueling environment of the workplace, where it might not be possible to rest or take medication. *Fair* at *id.* Although the ALJ mentioned plaintiff's activities are not consistent with an inability to work and that daily activities were considered, the ALJ did not discuss plaintiff's daily activities or identify any activities inconsistent with disability. It is not sufficient for the ALJ to make only general findings; the ALJ must state which testimony is not credible and what evidence suggests the complaints are not credible. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Because the ALJ failed to cite evidence of daily activities incompatible with disability or to discuss plaintiff's daily activities, this is not a clear and convincing reason supported by substantial evidence which justifies a negative credibility finding.

Second, the ALJ found plaintiff stopped working for reasons not related to disability allegations. (Tr. 609.) In making a credibility evaluation, the ALJ may rely on ordinary techniques of credibility evaluation. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ asserted "part of the reason the claimant was not working was because he was unable to find appropriate work, and he was out of condition." (Tr. 609.) In support of this finding, the ALJ cited Exhibit 21F/1, an office visit note which states, "He has not worked for the last five years because of all of his medical problems and likely because he has not been able to find appropriate work." (Tr. 609, 834.) The ALJ's interpretation of the phrase "unable to find appropriate work" is not clear, but the most reasonable interpretation is that plaintiff was not able to find work which appropriately accommodated his medical needs. It appears the ALJ did not consider the first half of the statement which indicates plaintiff has not worked because of his medical problems. The ALJ's interpretation of this evidence is not reasonable, and therefore this is not substantial evidence that plaintiff stopped working for reasons other than his medical issues.

The ALJ also cites Exhibit 25F, a series of office visit notes by plaintiff's treating physician, Dr. Hoitink, which cover the period of April 2011 to August 2011. (Tr. 609, Tr. 921-36.) While Dr. Hoitink noted poor back conditioning as part of plaintiff's history at each office visit, there was no mention of the reason plaintiff stopped working or any statement tying plaintiff's lack of work to poor back conditioning. (Tr. 921, 923, 929, 931, 933.) Further, the other exhibits cited by the ALJ in support of the conclusion that plaintiff stopped working, B2F

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7

and B7F, are not part of the record.[1] Thus, the ALJ failed to cite any evidence reasonably supporting the assertion that plaintiff stopped working for reasons other than his medical problems. This is therefore not a clear and convincing reason for rejecting plaintiff's testimony.

Another cited by the ALJ in rejecting plaintiff's testimony is plaintiff was noncompliant with recommended treatment.[2] (Tr. 609.) Medical treatment received to relieve pain or other symptoms is a relevant factor in evaluating pain testimony. 20 C.F.R. §§ 416.929(c)(3)(iv) and 416.929.(c)(3)(v). The ALJ is permitted to consider the claimant's lack of treatment in making a credibility determination. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Credibility is undermined by unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment. While there are any number of good reasons for not doing so, see, e.g., 20 C.F.R. § 404.1530(c) (1988); *Gallant*, 753 F.2d at 1455, a claimant's failure to assert one, or a finding by the ALJ that the proffered reason is not believable, can cast doubt on the sincerity of the claimant's pain testimony. *Fair v. Bowen* 885 F.2d 597, 603 (9th Cir. 1989). The ALJ noted plaintiff's only treatment for back pain has been medication, "even though back surgery was recommended." (Tr. 609.) The ALJ erroneously stated back surgery was recommended. Dr. Hoitink noted, "Although recommended, the patient refuses the following: referral to physiatrist or neurosurgeon. The reason for the refusal is he believes the procedures and surgery they have available to treat back conditions cause more harm than benefit." (Tr. 968.) There is no evidence that back surgery was recommended as a solution to plaintiff's pain as plaintiff did not visit a neurosurgeon. Plaintiff did not pursue recommended referrals, but

---

[1] At the November 2012 hearing, the ALJ admitted records from plaintiff's first claim, Exhibits 1A through 28F. (Tr. 654.) He mentioned that under the more recent filing, Exhibits B1A through B12F were admitted. (Tr. 654.) However, the transcript includes only Exhibits 1A through 29F. (Tr. 46-1035.)

[2] Plaintiff argues the ALJ erred by raising the issue of non-compliance pursuant to S.S.R. 82-59. (ECF No. 15 at 19-20.) S.S.R. 82-59 describes circumstances in which benefits may be denied on the basis that the claimant failed to follow prescribed treatment. *See* 20 C.F.R. § 416.930. However, S.S.R. 82-59 only apply to claimants who would otherwise be disabled within the meaning of the Social Security Act and is therefore not applicable. *Molina v. Astrue*, 674 F.3d 1104, 1114 n.6 (9th Cir. 2012); *Roberts v. Shalala*, 66 F.3d 179, 183 9th Cir. 1995.)

asserted a reason for doing so. (Tr. 968.) The ALJ did not address plaintiff's reason or make a finding that it is not believable. *See id.* Therefore, the ALJ erred in asserting noncompliance as a basis for the credibility finding.

Lastly, the ALJ found the objective medical evidence does not support the level of impairment claimed. (Tr. 609.) Medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2); *see also* S.S.R. 96-7p. However, an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In this case, the ALJ's other reasons for rejecting plaintiff's testimony are not clear and convincing reasons supported by substantial evidence. As such, even if the objective medical evidence does not support the level of impairment claimed, the negative credibility finding is inadequate since a lack of objective evidence cannot be the sole basis for discrediting plaintiff's testimony.

Based on the foregoing, the ALJ failed to cite clear and convincing reasons supported by substantial evidence which justify the credibility finding. The credibility finding is inadequate and the ALJ therefore erred. On remand, the ALJ should reconsider the credibility finding.

**2.    Dr. Hoitink**

Plaintiff argues the ALJ improperly rejected the opinions of plaintiff's treating physician, Dr. Hoitink. (ECF No. 15 at 12-15.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a

claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

If a treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

Dr. Hoitink was plaintiff's treating physician throughout the record. (Tr. 335-46, 838-97, 921-1028.) In June 2007, Dr. Hoitink completed a DSHS Documentation Request for Medical/Disability Condition form. (Tr. 325-26.) He indicated plaintiff had chronic low back pain, shoulder pain, and foot pain with neuropathy. (Tr. 325.) Dr. Hoitink opined plaintiff was limited to sitting for less than 10 minutes, standing for less than 10 minutes, walking for 10 minutes and no lifting any objects, bending, reaching or repetitive motion. (Tr. 325.) In August 2009, Dr. Hoitink completed a Certification of Disability for the Richland Housing Authority. (Tr. 451.) Dr. Hoitink indicated plaintiff was disabled according to the HUD definition on the form and opined plaintiff was unable to do any significant activity due to pain. (Tr. 451.) In April 2010, Dr. Hoitink completed a Physical Capacities Evaluation form. (Tr. 585-86.) Dr. Hoitink opined plaintiff could sit, stand and walk for less than an hour at a time in an eight-hour work day and could sit for a total of three hours, stand for two hours and walk for one hour in an eight-hour day. (Tr. 585.) Dr. Hoitink indicated plaintiff was limited to occasional bending and reaching with no squatting, crawling, or climbing. (Tr. 586.) Concurrent notes indicate plaintiff is "currently, permanently and totally disabled and unable to work due to pain, weakness and fatigue from his extensive thoracic and lumbar disease." (Tr. 582.)

In February 2011, Dr. Hoitink completed a Medical Report form. (Tr. 836-37.) Dr. Hoitink noted plaintiff's medications cause sedation and fatigue, plaintiff lies down four to five times per day for 30 minutes a time due to pain, and listed diagnoses of neck and low back pain, fibromyalgia, carpal tunnel syndrome, herniated lumbar discs, and degenerative joint disease. (Tr. 836.) Dr. Hoitink opined plaintiff would miss four or more days of work per month. (Tr. 837.) In October 2012, Dr. Hoitink's office visit notes indicate plaintiff has back pain in the

upper, mid and lower cervical spine, in the lower thoracic spine, and in the upper, mid and lower lumbar spine. (Tr. 966.) There is some pain relief with rest and medication. (Tr. 966.) Plaintiff reported resting about three times a day for 30 minutes for pain. (Tr. 966.) Side effects from medication included sedation, blurry eyes, dizziness, difficulty concentrating and slight headaches. (Tr. 966.) His symptoms prevented him from work. (Tr. 966.) Dr. Hoitink opined that although sedentary work would not cause plaintiff's condition to deteriorate, his medication would interfere with his ability to work. (Tr. 966.) He would likely miss two days of work each week due to his medical condition. (Tr. 966.)

The ALJ gave little weight to the reports by Dr. Hoitink. (Tr. 610.) Specifically, the ALJ rejected the June 2007 DSHS form report and the August 2009 Certification of Disability. (Tr. 610.) First, the ALJ observed these "were done in a secondary gain context with little explanation as to how he arrived at the conclusions." (Tr. 610.) However, this is an improper consideration because the purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them. *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998); *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996). Next, the ALJ pointed out opinions rendered on check-box or form reports which do not contain significant explanation of the basis for conclusions may be appropriately given little or no weight. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Johnson v. Chater*, 87 F.3d 1015, 1018 (9th Cir. 1996). (Tr. 610-11.) However, the ALJ overlooked the detailed notes and exam findings recorded on the same date the forms were completed by Dr. Hoitink and which constitute the basis for his conclusions. (Tr. 325-26, 335-36, 451, 542-43.) The ALJ also observed the definitions and categories of work used by DSHS differ from the definitions in the regulations by the Social Security Administration for assessing disability. Notwithstanding, a difference in definitions of terms alone would not in itself justify rejection of opinion evidence of a treating physician.[3] Additionally, none of these reasons apply to the April 2010 Physical Capacities form or the February 2011 Medical Report completed by Dr. Hoitink.

The ALJ also rejected Dr. Hoitink's opinion because he relied on plaintiff's self-reports. (Tr. 611.) "He seemed to uncritically accept as true most, if not all, of what the claimant

---

[3] Furthermore, the ALJ did not point to any particular term on the DSHS or Richland Housing Authority forms which is difficult to interpret or compare to Social Security disability language.

reported." (Tr. 611.) A physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Morgan v. Comm'r*, 169 F.3d 595 (9th Cir. 1999); *Fair*, 885 F.2d at 604. However, as discussed *supra*, the ALJ's credibility finding is not based on clear and convincing reasons supported by substantial evidence. As a result, the ALJ could not reasonably reject findings by Dr. Hoitink which may be based in part on plaintiff's statements. This is not a specific, legitimate reason for rejecting Dr. Hoitink's opinion.

The ALJ further implied Dr. Hoitink's opinion may be motivated by an effort to assist plaintiff or to assuage an insistent or demanding patient. (Tr. 611.) "This skepticism of a treating physician's credibility flies in the face of clear circuit precedent." *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998). An ALJ may not assume doctors routinely lie in order to help their patients collect disability benefits. *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995) (*quoting Ratto v. Sec'y*, 839 F. Supp. 1415, 1426 (D.Or. 1993). "The treating physician's continuing relationship with the claimant makes him especially qualified to evaluate reports from examining doctors, to integrate the medical information they provide, and to form an overall conclusion as to functional capacities and limitations, as well as to prescribe or approve the overall course of treatment." *Lester* at *id.* The ALJ's speculation about and consideration of Dr. Hoitink's motives was inappropriate and without basis in the record. This is not a specific, legitimate reason for rejecting the opinion.

Lastly, the ALJ included a one-line statement that "The doctor's opinion is without substantial support from other evidence of record, which obviously renders it less persuasive." (Tr. 611.) It is insufficient for the ALJ to reject the opinion of a treating or examining physician by merely stating, without more, that there is a lack of objective medical findings in the record to support or that it is inconsistent with other evidence in the record. *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). The ALJ failed to provide any explanation or description of how Dr. Hoitink's opinions are inconsistent with other evidence in the record. The basis for Dr. Hoitink's opinion is documented in voluminous records covering years of treatment. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). It is the ALJ's job to explain how Dr. Hoitink's findings are incorrect or not supported by the

evidence. The ALJ failed to do so; as a result, a lack of supporting evidence is not a specific, legitimate reason supported by substantial evidence.

The ALJ failed to cite specific, legitimate reasons supported by substantial evidence which reasonably justify rejecting Dr. Hoitink's opinion. Additionally, at the hearing, a psychological expert was called to testify rather than a physician expert. The ALJ suggested this was an error and stated, "I really would rather have been speaking to an internist today." (Tr. 658-59.) Dr. Veraldi agreed "that would have been more appropriate." (Tr. 659.) On remand, the ALJ should obtain expert medical testimony.

## CONCLUSION

The ALJ's decision is not supported by substantial evidence and free of legal error. On remand, the ALJ should reconsider the credibility finding and the medical opinion evidence and obtain appropriate medical expert testimony.

.      **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(ECF No. 15)** is **GRANTED.** The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2. Defendant's Motion for Summary Judgment **(ECF No. 17)** is **DENIED**.

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for plaintiff and the file shall be **CLOSED**.

DATED October 27, 2014

           *s/ Fred Van Sickle*
            Fred Van Sickle
         Senior United States District Judge